UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LAMONT TATE,

                                  Plaintiff

      -against-

NURSE JOANNE TURNER, SERGEANT PATRICK SULLIVAN, SERGEANT KIRT PHELPS, OFFICER PHILMON CARPENTER, JOHN DOE OFFICERS ##1-20,

                                Defendants.
------------------------------------------------------------------ x

COMPLAINT AND JURY DEMAND

11CV8033(LAK)

ECF CASE

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Eighth Amendment secured by 42 U.S.C. §§1983 and 1988 and the laws and Constitution of the State of New York.

2. Plaintiff's claim arises from the deliberately indifferent and negligent conduct of medical professionals and correction officers at Sullivan Correctional Facility. On May 18, 2010 and November 2-3, 2010, Plaintiff suffered severe seizures while in his cell and was denied treatment for the serious medical condition for many hours.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

1

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

6. Venue is laid within the United States District Court for the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York and plaintiff is domiciled in the Southern District of New York.

## PARTIES

7. Plaintiff, Lamont Tate, is a citizen of the United States. At all times here relevant, he was incarcerated at Sullivan Correctional Facility in Fallsburg, Sullivan County, New York.

8. Nurse Joanne Turner at all times here relevant was a medical professional employed by New York State Department of Correctional Services. As such, she had a duty to provide adequate medical care to Plaintiff for serious medical conditions, which she breached by with deliberate indifference.

9. Sergeants Kirt Phelps and Patrick Sullivan were the Area Supervisors for plaintiff's cell block at all relevant times herein. As such, they had a duty to plaintiff to ensure he received needed medical attention for a serious medical need which they breached with deliberate indifference.

10. Correction Officer Philmon Carpenter and John Doe Correction officers had a duty to plaintiff to ensure he received needed medical attention for a serious medical need, which they breached with deliberate indifference.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of

the State of New York.

## FACTUAL ALLEGATIONS

12. Plaintiff suffered numerous seizures prior to, in between, and after the incidents complained of herein. Defendants should have known and did in fact know that he was prone to experiencing dangerous seizures.

13. On May 18, 2010, in the early morning hours, plaintiff informed a correction officer, believed to be defendant Carpenter, that he was having seizures. He did begin to have serious and obvious tremors indicating seizure shortly thereafter.

14. Plaintiff Tate then passed out on the floor of his cell. Defendant Nurse Turner refused to go to his cell to observe or treat plaintiff, and Defendant Carpenter refused to take him to the clinic.

15. Approximately eight hours later, when the next shift arrived at the facility, plaintiff was finally taken to the medical clinic. Plaintiff suffered severe physical and mental pain and suffering due to defendants' deliberate indifference to plaintiff's serious medical condition.

16. At approximately midnight on November 2-3, 2010, plaintiff was suffering from a seizure.

17. A correction officer reported that plaintiff "fell on floor shaking". Defendant Nurse Turner was called to plaintiff's cell, and this time she went to his cell.

18. Though he was on the floor of his cell thrashing around, Nurse Turner refused to treat him or have him taken to the clinic.

19. About nine hours later, when the next shift began, plaintiff was transported to the medical clinic, where bumps on his head were observed from his seizure.

20. On numerous occasions prior to each seizure, correction officials refused to escort plaintiff to clinic for appointments to obtain his prescribed anti-seizure medication.

## DAMAGES

21. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   b. Physical pain and suffering;

   c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

22. The above paragraphs are here incorporated by reference.

23. The seizures that plaintiff suffers are a serious medical condition.

24. Defendant Carpenter was deliberately indifferent to plaintiff's serious medical condition when, knowing plaintiff was suffering from a severe seizure, he refused to ensure that plaintiff was taken to the medical clinic or otherwise placed in a secure location to avoid injury.

25. Defendants Phelps and Sullivan were deliberately indifferent to plaintiff's serious medical condition when, knowing plaintiff was suffering from a severe seizure, each refused to direct a subordinate to ensure that plaintiff was taken to the medical clinic or otherwise placed in a secure location to avoid injury.

26. John Doe defendants were deliberately indifferent to plaintiff's serious medical

condition when, knowing plaintiff was suffering from a severe seizure, they refused to ensure that plaintiff was taken to the medical clinic or otherwise placed in a secure location to avoid injury.

27. Defendants' deliberate indifference to plaintiff's serious medical condition was the proximate cause of the mental anguish and physical pain and suffering suffered by plaintiff.

28. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

29. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  May 7, 2012
        Brooklyn, New York

Respectfully yours,

*/s/ Nicholas Mindicino*
By: Nicholas Mindicino, Esq.
Bar#: NM0437
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
NMindicino@stollglickman.com

TO: Nurse Joanne Turner

Sergeant Kirt Phelps
c/o AAG Jason Clark
New York State Office of the
Attorney General
120 Broadway
New York NY 10005

Sergeant Patrick Sullivan
c/o AAG Jason Clark
New York State Office of the
Attorney General
120 Broadway
New York NY 10005

Officer Philmon Carpenter
c/o Deputy Counsel William M. Gonzalez
Department of Corrections and Community Supervision
The Harrimon State Campus-Building 2
1220 Washington Avenue
Albany NY 12226-2050